# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:02-CV-70-DCK

| | |
|---|---|
| SPIROFLOW SYSTEMS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FLEXICON CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Summary Judgment Of Non-Infringement" (Document No. 37) filed January 30, 2004; "Defendant Flexicon Corporation's Amended Brief In Support Of Its January 30, 2004 Motion For Claim Construction And Renewed Motion For Summary Judgment Of Non-Infringement" (Document No. 60) filed August 11, 2005; "Plaintiff's Motion For Summary Judgment" (Document No. 61) filed August 11, 2005; "Plaintiff's Brief In Support Of Its Motion For Claim Construction, In Opposition To Defendant's Motion For Summary Judgment, And In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 63) filed August 11, 2005; "Defendant Flexicon's Opposition To Plaintiff's Motion For Summary Judgment" (Document No. 67) filed September 7, 2005; "Defendant Flexicon's Reply To Plaintiff's (1) Opposition To Defendant's Motion For Claim Construction, And (2) Opposition To Defendant's Motion For Summary Judgment" (Document No. 68) filed September 7, 2005; "Plaintiff's Brief In Opposition To Defendant's Motion For Claim Construction And In Opposition To Defendant's Renewed Motion For Summary Judgment" (Document No. 69) filed September 7, 2005; "Plaintiff's Reply Brief In Support Of Motion For Claim Construction And In Support Of Motion For Summary Judgment" (Document No. 70) filed

September 21, 2005; "Defendant Flexicon's Reply In Support Of Defendant's Motion For Summary Judgment Of Non-Infringement" (Document No. 72) filed September 21, 2005; "Defendant's Memorandum In Support Of Its Motion For Claim Construction And Motion For Summary Judgment Of Non-Infringement" (Document No. 77) filed December 22, 2006; and "Plaintiff's Supplemental Brief In Support Of Its Motion For Claim Construction" (Document No. 78) filed December 22, 2006. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition.

Having carefully considered the pleadings, the record, the applicable authority, and the arguments of counsel at a claim construction and motion hearing on January 24, 2007, the undersigned will <u>grant</u> Defendant's motion for summary judgment and <u>deny</u> Plaintiff's motion for summary judgment.

## I. BACKGROUND

Spiroflow Systems, Inc. ("Plaintiff") filed this action in February 2002 against Flexicon Corporation ("Defendant") alleging infringement of its United States Patent No. 5, 787,689 ("the '689 patent") entitled "Bag Discharge Construction Apparatus And Method For Constriction Control." Specifically, Plaintiff contends that Defendant "is making, using, offering for sale and selling an infringing bag discharge constriction device referred to by the trademark 'Power-Cincher'" in violation of 35 U.S.C. § 271. (Amended Complaint, Document No. 3, ¶11). Plaintiff received a patent on August 4, 1998 for an apparatus that operates to manipulate the openings of upturned industrial bags, restricting the gravity induced flow of materials from such bags. Defendant received a patent for its own "Bag Closing Apparatus" U.S. Patent No. 6, 502, 367 ("the '637 patent'), on January 7, 2003.

On September 29, 2004, the Court determined that it was appropriate to defer consideration of the pending motions for claim construction and summary judgment until after a decision was rendered following the rehearing of Phillips v. AWH Corp., 363 F.3d 1382 (Fed. Cir. 2004). The Court ordered the parties to file briefs within thirty (30) days of a decision in Phillips setting forth their respective positions in light of that decision.

The Federal Circuit issued its *en banc* decision on July 12, 2005. See Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005). On August 11, 2005, Defendant submitted its amended brief in support of claim construction and summary judgment (Document No. 60) and Plaintiff filed its motions for summary judgment and claim construction (Document Nos. 61, 62).

The Court held a Status Hearing in this matter on November 29, 2006 and granted the motion for a Claim Construction Hearing (Document No. 62). Soon after, the Court ordered the parties to file supplemental memoranda on claim construction and set a Motions Hearing on the claim construction and summary judgment motions for January 24, 2007. On December 22, 2006, the parties submitted their supplemental briefs (Document Nos. 77, 78) and a Markman hearing was held on January 24, 2007. By separate Order (Document No. 80) filed on this date, the Court issued its ruling on proper claim construction in this matter. Now the Court will address the pending motions for summary judgment.

## II. STANDARD OF REVIEW

**A. Summary Judgment**

The parties in this case have filed cross motions for summary judgment and the standard of review is familiar. Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c)

A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As this Court has previously explained,

> Defendant as the moving party has the initial burden to show a lack of evidence to support Plaintiff's case. If this showing is made, the burden then shifts to the Plaintiff who must convince the Court that a triable issue does exist. Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]."

Boggan v. Bellsouth Telecomms., Inc., 86 F.Supp. 2d 545, 547 (W.D.N.C., 2000) (citations omitted).

The non-moving party opposing summary judgment "may not rest upon the mere allegation or denials of his pleading, but his response ... must set forth specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 248. Furthermore, "the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." Id. at 255.

**B. Infringement**

Pursuant to 35 U.S.C. § 271, infringement of a patent occurs when

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

Analyzing patent infringement claims is a two-step process. Power Mosfet Techs., L.L.C. v. Siemens AG, 378 F.3d 1396, 1406 (Fed. Cir. 2004). First, the Court must determine the proper meaning and scope of the allegedly infringing patent claims. Id. The Court has accomplished this task in its prior claim construction Order (Document No. 80). Second, a determination must be made "comparing the properly construed claims to the device accused of infringing" to determine whether the claims as construed encompass the accused product. See Kraft Foods Inc. v. International Trading Co., 203 F.3d 1362, 1366 (Fed. Cir. 2000), quoting Markman v. Westview Instruments, Inc., 52 F.3d 967, 976,(Fed.Cir.1995) (*en banc*), aff'd, 517 U.S. 370, (1996) (citations omitted).

"In addressing these two steps, the burden is on the patent owner to establish infringement by a preponderance of the evidence." Tanabe Seiyaku Co. v. United States ITC, 109 F.3d 726, 731 (Fed. Cir. 1997) quoting SmithKline Diagnostics Inc. v. Helena Lab. Corp., 859 F.2d 878, 889 (Fed. Cir. 1988). "The patent owner must show that every limitation of the patent claim asserted is found in the accused process or product, either literally or under the doctrine of equivalents." Id.

"After the claims at issue have reasonably been construed, a district court may grant summary judgment 'when it is shown that the infringement issue can be reasonably decided only in favor of the movant, when all reasonable factual inferences are drawn in favor of the non-movant.'" Kraft Foods Inc. v. International Trading Co., 203 F.3d 1362, 1366 (Fed. Cir. 2000), quoting Voice Techs. Group, Inc. v. VMC Sys., Inc., 164 F.3d 605, 612,(Fed.Cir.1999).

As noted above, and argued by the parties, infringement may be "literal" or found under the "doctrine of equivalents."

### *1. Literal Infringement*

"A claim is literally infringed when the accused device literally embodies each limitation of the claim." Kraft Foods Inc. v. International Trading Co., 203 F.3d 1362, 1370 (Fed. Cir. 2000). "To prove literal infringement, the patentee must show that the accused device contains every limitation in the asserted claims. If even one limitation is missing or not met as claimed, there is no literal infringement." Elkay Mfg. Co. v. Ebco Mfg. Co., 192 F.3d 973, 980 (Fed. Cir. 1999), quoting Mas-Hamilton Group v. LaGard, Inc., 156 F.3d 1206, 1211 (Fed. Cir. 1998). "Judgment as a matter of law of no literal infringement is appropriate if no reasonable fact finder could determine that the accused devices meet every limitation of the properly construed claims." Elkay Mfg. Co. 192 F.3d at 980.

### 2. Doctrine of Equivalents

> A device that does not literally infringe a claim may nonetheless infringe under the doctrine of equivalents if every element in the claim is literally or equivalently present in the accused device. A claim element is equivalently present in an accused device if only "insubstantial differences" distinguish the missing claim element from the corresponding aspects of the accused device. Although equivalence is a factual matter normally reserved for a fact finder, the trial court should grant summary judgment in any case where no reasonable fact finder could find equivalence.

Sage Prods. v. Devon Indus., 126 F.3d 1420, 1423 (Fed. Cir. 1997) (citations omitted).

### III. DISCUSSION

Plaintiff's "Complaint" (Document No. 1) alleges that Defendant "has infringed and continues to infringe one or more claims of the '689 Patent." The complaint does not cite with any specificity which claim(s) Defendant is infringing, however "Plaintiff's Brief ... In Support of Plaintiff's Motion for Summary Judgment" (Document No. 63), along with other pleadings and oral arguments in this case, focus on claims 1 and 20 of the '689 patent. These are the claims the Court

construed in its claim construction Order (Document No. 80) and for purposes of summary judgment analysis the undersigned determines that these are the claims alleged to infringe Plaintiff's patent.

### A. Literal Infringement

Plaintiff's brief in support of its motion for summary judgment first contends that Defendant's "Power Cincher" literally infringes the '689 patent. (Document No. 63 at 9) At the January 24, 2007 Motions Hearing, counsel for Plaintiff stated: "[a] claim is literally infringed when the accused device literally embodies every limitation of the claim." (Document No. 79 at 88). In comparing claim 1 of the '689 patent to the accused device's patent, the Plaintiff essentially argues that both apparatus evenly and uniformly close bags. Specifically, Plaintiff contends that the opening of both devices keep the same shape as they operate to close a bag. Looking to the accused device's patent, Plaintiff refers to Figures 12-14 (see below) and submits "that within the meaning of the language in the claims and specification, those shapes are the same." Id. at 90. The undersigned disagrees.



Plaintiff's argument for literal infringement rests on the theory that the mechanisms in dispute operate the same way and that neither substantially changes the shape of its opening as it constricts on a bag. Plaintiff has suggested that even though its patent describes a machine that keeps the opening in a "predetermined confined shape" that "does not change," it actually does, or may, change a little bit. Plaintiff also suggests that even though the accused "Power Cincher" device does not claim to keep a confined shape - it actually does maintain a confined shape - and therefore violates the Plaintiff's patent. Because the Court has construed the Plaintiff's '689 patent to describe an apparatus with an opening that may vary in area, "but keeps or maintains that opening in a shape that remains constant," the undersigned can find no literal infringement of claims 1 or 20. (See Document No. 80). The undersigned is convinced that the '689 patent protects a product with an opening that does not change shape, and that in fact, the opening of the accused apparatus <u>does</u> change shape.

If the accused device does not literally embody "each limitation of the claim," there is no literal infringement. See <u>Kraft Foods Inc. v. International Trading Co.</u>, 203 F.3d 1362, 1370 (Fed. Cir. 2000). The Court has construed claims 1 and 20 to include a limitation that the opening does <u>not</u> change shape, and views the accused device and its patent as allowing, if not encouraging, changes in the shape of its apparatus' opening. Therefore the undersigned will find that there is no genuine issue of material fact regarding literal infringement and will deny summary judgment on those grounds.

The undersigned notes that the claim construction decision essentially determined the issue of literal infringement and believes both parties conceded that a construction favoring Defendant's interpretation of the '689 claims would proscribe a finding of literal infringement in this instance.

8

### B. Doctrine of Equivalents

A product or process that does not literally infringe may be found to infringe "if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997). Under the doctrine of equivalents, "[a]n accused product is equivalent to a claimed invention if the differences between the two are 'insubstantial' to one of ordinary skill in the art." Overhead Door Corp. v. Chamberlain Group Inc., 194 F.3d 1261, 1269 (Fed. Cir. 1999). Some courts base their doctrine of equivalents analysis on the function-way-result test: "if two devices do the same work in substantially the same way, and accomplish the same result, they are the same." Graver Tank & Mfg. Co. v. Linde Air Prod. Co., 339 U.S. 605, 608 (1950). Both tests require a determination of the substantiality of the differences in the way the two apparatus in question operate. The Supreme Court has declined to state a preferred test for equivalence, opting instead to let the Federal Circuit refine the process: "... we see no purpose in going further and micro-managing the Federal Circuit's particular word-choice for analyzing equivalence. We expect that the Federal Circuit will refine the formulation of the test for equivalence in the orderly course of case-by-case determinations...." Warner-Jenkinson Co. 520 U.S. at 40. This Court finds that in the instant matter there is no infringement under the doctrine of equivalents because there is a substantial difference between the accused device and the patent's claim limitations.

Although there are undeniably tremendous similarities between the Spiroflow and Flexicon bag closing apparatus, the disputed claims, as explained above, include limitations that are not found in the accused device. Importantly, not only has Plaintiff's product been found to limit itself to an opening that does not change shape, but Plaintiff has touted this as an important element in

9

preventing tearing stresses on bags. According to Defendant's counsel, Flexicon "wasn't interested in evenly closing or minimizing tearing stresses," their concern was avoiding pinching at the corners. (Document No. 79 at 118). Despite the mechanisms' similarities, based on the limitation of claims 1 and 20, as construed by this Court, these devices are not equivalent.

When a patent claim clearly excludes an element, in this case an element allowing the Plaintiff's apparatus to change the shape of its opening, the Federal Circuit has held there can be no equivalence. See SciMed Life Sys. Inc. v. Advanced Cardiovascular Sys., Inc., 242 F.3d 1337, 1345 (Fed. Cir. 2001) ("A particular structure can be deemed outside the reach of the doctrine of equivalents because that structure is clearly excluded from the claims whether the exclusion is express or implied"); Id. at 1346 ("[B]y defining the claim in a way that clearly excluded certain subject matter, the patent implicitly disclaimed the subject matter that was excluded and thereby barred the patentee from asserting infringement under the doctrine of equivalents"). The Court's claim construction in this matter has determined that the '689 patent excludes opening of the bag closing apparatus from changing shape. Thus "comparing the properly construed claims to the device accused of infringing," the claims as construed neither encompass nor are equivalent to the accused product. See Kraft Foods Inc. v. International Trading Co., 203 F.3d 1362, 1366 (Fed.Cir. 2000) (citations omitted).

> Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole. It is important to ensure that the application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety.

Warner-Jenkinson 520 U.S. at 29.

Applying the function-way-result test, the Court agrees with Plaintiff that the "function" of the accused device and the '689 patent are substantially the same - to close a bag positioned within the apparatus' opening. Likewise, the "result" is substantially the same - - a closed bag. However, in considering the "way" the devices work, the undersigned cannot conclude that the difference is insubstantial. The "way" of the '689 patent involves the device closing on a bag evenly from all sides so that the area of the opening changes, but the rectangular shape of the opening stays the same or constant. The "way" of the Defendant's device involves altering the shape of its opening from generally circular to a diamond shape. The allegedly infringing device relies on its "arcuate path and the curvature of the pivot arms [to] minimize[] the potential for pinching of the spout." (the '367 patent at 3). As discussed in the claim construction Order (Document No. 80), the Plaintiff repeatedly refers to the "way" of the '689 patent as involving an opening of predetermined confined shape that does not change in shape, but changes in area, as it constricts on a bag. The undersigned is satisfied that the "way" of the accused device, involving the opening changing shape, is substantially different. "Where an accused device performs substantially the same function to achieve substantially the same result but in a substantially different manner, there is no infringement under the doctrine of equivalents." Dolly, Inc. v. Spalding & Evenflo Cos., 16 F.3d 394, 400 (Fed. Cir. 1994).

Another factor in the Court's decision is a recognition of the burden on the drafter of the patent in question. Courts generally are not inclined to give a broad reading to narrowly drafted patent claims, because to do so "would undermine the fair notice function of the requirement that the patentee distinctly claim the subject matter...." Athletic Alternatives, Inc. v. Prince Mfg., Inc., 73 F.3d 1573, 1581 (Fed. Cir. 1996). The Federal Circuit "consider[s] the notice function of the

claim to be best served by adopting the narrower meaning." Id. When a company like Defendant is put on notice of an invention, it must be able to rely on the published limitations of that patent. "As between the patentee who had a clear opportunity to negotiate broader claims but did not do so, and the public at large, it is the patentee who must bear the cost of its failure to seek protection for this foreseeable alteration of its claimed structure." SciMed Life Sys. Inc. v. Advanced Cardiovascular Sys., Inc., 242 F.3d 1337, 1346 (Fed. Cir. 2001) quoting, Sage Products, Inc. v. Devon Industries, Inc., 126 F.3d 1420, 1425 (Fed. Cir. 1997).

As counsel for Defendant argued at the Motions Hearing: "They picked the words. ... [O]ur position is a predetermined confined shape being maintained certainly is not an insubstantial difference from a confined shape which isn't predetermined and which clearly changes from circular through all the iterations shown to finally fully overlapped to where the shape doesn't exist." (Document 79 at 121). The undersigned agrees.

In this case, Defendant listed the '689 patent as prior art and even included one of its diagrams. Presumably, Defendant relied on the limitation of the '689 patent that the shape was predetermined and confined and would not change, when it then sought its own patent for a device with a different approach to bag closing.

> One must start with the claim, and, though a "non-pioneer" invention may be entitled to some range of equivalents, a court may not, under the guise of applying the doctrine of equivalents, erase **a plethora of meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement**. ... Though the doctrine of equivalents is designed to do equity, and to relieve an inventor from a semantic strait jacket when equity requires, it is not designed to permit wholesale redrafting of a claim to cover non-equivalent devices, i.e., to permit a claim expansion that would encompass more than an insubstantial change.

Perkin-Elmer Corp. v. Westinghouse Electric Corp., 822 F.2d 1528, 1532 (Fed. Cir. 1987), citing Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 610 (1950); Carman Industries v. Wahl, 724 F.2d 932, 942 (Fed. Cir. 1983) (emphasis added). This Court takes the position that the public and the Defendant were entitled to rely on the limitations of the '689 patent in avoiding infringement.

For the foregoing reasons the undersigned finds that despite overall similarities of Plaintiff and Defendant's apparatus, a reasonable fact finder could not find equivalence under the doctrine of equivalents. "An infringing product or process may also be referred to as an 'equivalent' of the invention, but more than overall equivalency is required. While a ballpoint and fountain pen may be equivalent overall, they are not equivalent in the sense of the doctrine because their components are not equivalent." Hilton Davis Chem. Co. v. Warner-Jenkinson Co., 62 F.3d 1512, 1573-74 (Fed. Cir. 1995) (*en banc*) quoted with approval, Warner-Jenkinson Co., 520 U.S. 17, 29 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole"). Because the limitations of claims 1 and 20 of the '689 patent describe an apparatus that is substantially different than Defendant's accused device, there can be no equivalence under the doctrine of equivalents.

### IV. CONCLUSION

The Court has previously construed that the '689 patent protects a device with an opening in the shape of a rectangle, that does not change. Based on that construction, the Court now determines that no reasonable finder of fact could find infringement either literally or under the doctrine of equivalents, and therefore summary judgment for Plaintiff should be denied, while

13

summary judgment for Defendant should be granted.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Summary Judgment Of Non-Infringement" (Document No. 37) is **GRANTED** and "Plaintiff's Motion For Summary Judgment" (Document No. 61) is **DENIED**.

Signed: August 24, 2007

David C. Keesler
United States Magistrate Judge