# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:02-CV-70-DCK

| | | |
|---|---|---|
| SPIROFLOW SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FLEXICON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
|                             | ) | |

      **THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Attorneys' Fees Pursuant To Rule 54(D)(2) And 35 U.S.C. § 285" (Document No. 83) and "Defendant's Memorandum Of Law In Support Of Its Motion For Attorneys' Fees Pursuant To Rule 54(D)(2) And 35 U.S.C. § 285" (Document No. 84), filed September 10, 2007; "Plaintiff's Response To Defendant's Motion For Attorneys' Fees" (Document No. 92), filed October 11, 2007; "Defendant's Reply In Support Of Its Motion For Attorneys' Fees Pursuant To Rule 54(D)(2) And 35 U.S.C. § 285" (Document No. 95), filed October 22, 2007; "Defendant's Supplemental Memorandum In Support Of Its Motion For Attorneys' Fees Pursuant To Rule 54(D)(2) And 35 U.S.C. § 285" (Document No. 103), filed July 11, 2008; "Plaintiff's Memorandum In Opposition To Defendant's Supplemental Memorandum In Support Of Its Motion For Attorneys' Fees" (Document No. 104), filed July 25, 2008; and "Defendant's Reply To Plaintiff's Memorandum In Opposition To Defendant's Support Of Its Motion For Attorneys' Fees Pursuant To Rule 54(D)(2) And 35 U.S.C. § 285" (Document No. 108-2), filed August 13, 2008. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> Defendant's motion for attorneys' fees.

## I. BACKGROUND

Spiroflow Systems, Inc. ("Plaintiff") filed a "Complaint" (Document No. 1) on February 21, 2002, alleging patent infringement against Flexicon Corporation ("Defendant"). On August 24, 2007, this Court issued an "Order" (Document No. 80) regarding claim construction, as well as an "Order" (Document No. 81) granting "Defendant's Motion For Summary Judgment Of Non-Infringement" and denying "Plaintiff's Motion For Summary Judgment." The Clerk of Court entered "Judgment In A Civil Case" (Document No. 82) in favor of Defendant on August 27, 2007.

Defendant then filed a timely motion for attorneys' fees (Document No. 83) pursuant to Fed.R.Civ.P. 54(d)(2) on September 10, 2007. Defendant seeks $506,246.00 in attorneys' fees, or whatever sum the Court determines is reasonable. (Document No. 83 at 1). Plaintiff responded (Document No. 92) to the motion for attorneys' fees on October 11, 2007, and Defendant filed a reply (Document No. 95) on October 22, 2007. On October 30, 2007, the undersigned issued a stay (Document No. 96) in this case pending a decision on Plaintiff's appeal by the United States Court of Appeals for the Federal Circuit.

On June 10, 2008, the Federal Circuit issued a *per curiam* Judgment affirming this Court's rulings on claim construction and summary judgment. <u>See</u> (Document No. 98). The parties filed a "Joint Status Report" (Document No. 99) informing the Court of the Federal Circuit's decision and stating Defendant's request for supplemental briefing on the attorneys' fees issue. The Court allowed supplemental briefing on the attorneys' fees issue which concluded in August 2008.

## II. STANDARD OF REVIEW

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2008).

> We apply Federal Circuit law to the issue of attorney fees in patent infringement cases. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1343 (Fed.Cir. 2001). We review a denial of attorney fees under 35 U.S.C. § 285 for an abuse of discretion; however, we review the factual determination whether a case is exceptional under § 285 for clear error. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1328 (Fed.Cir. 2003).

Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1299 (Fed.Cir. 2004).

The Federal Circuit has held that the standard under 35 U.S.C. § 285 "may be broken down into four parts: (1) the case must be exceptional; (2) the district court may exercise its discretion; (3) the fees must be reasonable; and (4) the fees may be awarded only to the prevailing party." Machinery Corp. Of America v. Gullfiber AB, 774 F.2d 467, 470 (Fed.Cir. 1985).

## III. DISCUSSION

The issue before the Court is whether this case was exceptional.

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P. 11, or like infractions. Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.

Brooks Furniture Mfg., v. Dutailier Intern., Inc., 393 F.3d 1378, 1381 (Fed.Cir. 2005). The "underlying improper conduct and the characterization of the case as exceptional must be established by clear and convincing evidence." Id. at 1382 citing Beckman

<u>Instruments, Inc., v. LKB Produkter AB</u>, 892 F.2d 1547, 1551 (Fed.Cir.1989).

Defendant principally argues that the lawsuit brought by Plaintiff was frivolous and baseless and therefore may be found to be exceptional. (Document No. 84 at 3). Defendant contends that Plaintiff failed to conduct a reasonable investigation prior to filing suit and knew, or should have known, that Defendant's product could not infringe Plaintiff's patent. <u>Id.</u> Defendant further contends that Plaintiff admitted that it had not yet examined the accused product in its own interrogatory answers in October 2002, even though it had filed the lawsuit six months earlier. <u>Id.</u> at 6. Defendant argues that subjective bad faith can be inferred where Plaintiff failed to conduct a reasonable investigation in assessing infringement. <u>Id.</u> at 7.

Plaintiff in response contends that Defendant has not met its burden. According to Plaintiff, Defendant has not alleged misconduct in the course of the litigation, and therefore, must show that the litigation was brought in bad faith <u>and</u> that the litigation is objectively baseless. (Document No. 92 at 5); <u>see also</u>, <u>Brooks</u>, 393 F.3d at 1381. Defendant agrees that this standard as set forth in <u>Brooks</u> is applicable to the instant motion. (Document No. 95 at 2).

As described above, Defendant primarily hinges its claim of bad faith on the alleged failures of Plaintiff to conduct pre-filing review of the accused product. (Document No. 95 at 3). However, Plaintiff denies "under penalty of perjury" that it did not inspect the Defendant's device before filing suit. Plaintiff further contends that it expressly described that inspection in its response to Interrogatory No. 6:

> Spiroflow employees have observed the Flexicon Power-Cincher device at trade shows in Chicago, Illinois in May, 2001 and May, 2002. Spiroflow employees have also seen the device on a videotape marked 0000042 by Flexicon, and in Flexicon advertisements appearing in trade journals.

(Document No. 104 at 7). Plaintiff claims that this answer demonstrates that they inspected the accused device over eight months before filing suit in February 2002. Id. at 8.

Although granted an opportunity to reply, Defendant has not addressed the effect of Plaintiff's contention regarding Interrogatory No. 6 on its argument. See (Document No. 108-2). According to Plaintiff, Defendant "never challenged this statement during discovery nor has it ever offered contrary evidence, including in its Reply." (Document No. 113). The answer to Interrogatory No. 6, at a minimum, raises at least some doubt about Defendant's claim that Plaintiff failed to make any reasonable investigation or inspection prior to filing suit.

Considering that the heart of Defendant's claim now is that there was no review of the product prior to filing, and Defendant had formed that opinion over five (5) years ago, it is unclear why such allegation was not raised earlier. Plaintiff makes the point that Defendant makes much ado regarding the fact that on October 21, 2002, Plaintiff objected to an interrogatory on the ground that it had not yet conducted a formal in-person inspection of the accused product, but for at least five (5) years Defendant declined to move for Rule 11 sanctions, or move to dismiss, alleging a claim of failure to conduct a reasonable pre-filing investigation. (Document No. 92 at 5-6). The Federal Circuit has held that conduct that violates Fed.R.Civ.P. 11, or like infractions, are the type of misconduct that might give cause to deem a case exceptional. Brooks, 393 F.3d at 1381. Defendant's argument might be more persuasive if it had alleged such misconduct prior to judgment being entered.

The Federal Circuit has declared that there is a presumption that the assertion of infringement of a duly granted patent is made in good faith. Brooks, 393 F.3d at 1382,

citing <u>Springs Willows Fashions, LP v. Novo Indus., L.P.</u>, 323 F.3d 989, 999 (Fed.Cir. 2003). After careful review of the parties' briefs and supplemental briefs, the undersigned does not find that the presumption of good faith has been effectively rebutted. Defendant has made a zealous argument and raised some interesting points; nevertheless, Defendant has not established by clear and convincing evidence either misconduct by Plaintiff, or that this lawsuit was brought in bad faith <u>and</u> that the litigation was objectively baseless. The Federal Circuit has set a high bar for success on a motion for attorneys' fees, and based on the foregoing, the Court cannot conclude that this is one of those exceptional cases entitling the prevailing party to attorneys' fees.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Attorneys' Fees Pursuant To Rule 54(D)(2) And 35 U.S.C. § 285" (Document No. 83) is **DENIED**.

Signed: September 18, 2008

David C. Keesler
United States Magistrate Judge